Slip Op. 14-108

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TIANJIN WANHUA CO. LTD., | |
| Plaintiff, | Before: Leo M. Gordon, Judge |
| v. | Consol. Court No. 14-00183 |
| UNITED STATES, | |
| Defendant. | |

## MEMORANDUM and ORDER

[Plaintiff-Intervenors' motions for preliminary injunction granted.]

Dated:  September 18, 2014

David J. Craven, Riggle and Craven of Chicago, IL for Plaintiff Tianjin Wanhua Co., Ltd.

Peter J. Koenig, Squire Sanders (US) LLP, of Washington, DC for Plaintiff Shaoxing Xiangyu Green Packing Co., Ltd.

John D. Greenwald, Jonathan M. Zielinski, and Thomas M. Beline, Cassidy, Levy, Kent (USA) LLP, of Washington, DC, for Plaintiff-Intervenors, DuPont Teijin Films China Ltd., DuPont Hongji Films Foshan Co., Ltd, and DuPont Teijin Films Hongji Ningbo, Co. Ltd.

Jane C. Dempsey, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States.  With her on the brief were Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director.

Jeffrey I. Kessler, David M. Horn, Patrick J. McLain, and Ronald I. Meltzer, Wilmer Hale, of Washington, DC for Defendant-Intervenors Mitsubishi Polyster Film, Inc., and SKC, Inc.

J. Michael Taylor, Mark T. Wasden, and Stephen A. Jones, King & Spalding, LLP, of Washington, DC for Defendant-Intervenor Terphane, Inc.

Gordon, Judge:  Pending before the court are Plaintiff-Intervenors Dupont Teijin Films China Ltd., DuPont Hongii Films Foshan Co., Ltd., and DuPont Teijin Films Hongji Ningbo, Co. Ltd.'s (collectively "DuPont") partial consent motions for preliminary injunction to enjoin Defendant United States from liquidating DuPont's entries of polyethylene terephthalate film, sheet, and strip ("PET") subject to Polyethylene Terephthalate Film, Sheet, and Strip from the People's Republic of China, 79 Fed. Reg. 37,715 (Dep't of Commerce July 2, 2014) (final results admin. review) ("Final Results") and accompanying Issues and Decision Memorandum, A-570-924 (Dep't of Commerce June 24, 2014), available at http://enforcement.trade.gov/frn/summary/prc/2014-15574-1.pdf (last visited this date).  The court has jurisdiction pursuant to Section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2012) and 28 U.S.C. § 1581(c). For the reasons set forth below, the court grants Plaintiff-Intervenors' motions for preliminary injunctive relief.

Commerce published the Final Results on July 2, 2014.  Plaintiffs then commenced separate actions, with Tianjin Wanhua Co., Ltd. ("Wanhua") filing its summons on July 30, 2014 and its complaint on August 5, 2014 (Court No. 14-00183), and Shaoxing Xiangyu Green Packing Co., Ltd. ("Green Packing") filing its summons and complaint on August 1 and August 15, 2014, respectively (Court No. 14-00183).   Wanhua raised three substantive challenges to the Final Results, whereas Green Packing raised six substantive challenges, two of which are identical to those of Wanhua.  See Wanhua Complaint, ECF No. 6; Green Packing Complaint, ECF No. 8.  The court thereafter

enjoined Defendant from liquidating both Wanhua and Green Packing's entries of merchandise subject to the <u>Final Results</u>.

On August 29, 2014, Plaintiff-Intervenors filed consent motions to intervene, which the court granted.  Along with its motions to intervene, DuPont filed the instant motions, followed by requests for temporary restraining orders ("TRO's").  The court issued the TRO's on September 4, 2014.  Thereafter, upon consultation with the parties, the court ordered consolidation of the two actions, Court Nos. 14-00183 and 14-00185, under Consol. Court No. 14-00183.  <u>See</u> Order, Sept. 5, 2014, ECF No. 34 (order of consol.)

## Discussion

DuPont challenges the <u>Final Results</u> and seeks to enjoin Defendant from liquidating certain entries of subject merchandise until after this matter is resolved, including all appeals.  "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008); <u>Titan Tire Corp. v. Case New Holland, Inc.</u>, 566 F.3d 1372, 1375-1376 (Fed. Cir. 2009).  "In international trade cases, the [Court of International Trade] has authority to grant preliminary injunctions barring liquidation in order to preserve a party's right to challenge the assessed duties."  <u>Qingdao Taifa Group Co. v. United States</u>, 581 F.3d 1375, 1378 (Fed. Cir. 2009).

Defendant does not dispute DuPont's eligibility for a preliminary injunction under the four factor test.  Rather the United States contends that the court lacks the authority

to grant DuPont its requested relief.  Defendant, relying on <u>Laizhou Auto Brake Equip.</u>

<u>Co. v. United States</u>, 31 CIT 212, 477 F. Supp. 2d 1298 (2007), argues that as Plaintiff-

Intervenors, DuPont, may not expand the issues in this consolidated action beyond those

identified in the underlying complaints by seeking to enjoin the liquidation of its entries.

Specifically, Defendant maintains that the granting of DuPont's injunction would

impermissibly alter the nature of this action, <u>i.e.</u>, enlarge the action, by enjoining entries

that that are not the subject of either Wanhua or Green Packing's complaints.  <u>See</u> Def.'s

Opp. to DuPont's Mot. for Prelim. Inj. 3-4 (citing <u>Vinson v. Washington Gas Light Co.</u>, 321

U.S. 489, 498 (1944); <u>Laizhou Auto Brake Equip. Co.</u>).  Defendant further argues that

DuPont's role in the litigation is confined to supporting the position of Plaintiffs in asserting

their own claims for relief.

The court disagrees.  The concept of enlargement is one that is best "reserved for

situations in which an intervenor adds new legal issues to those already before the court."

<u>NSK Corp. v. United States</u>, 32 CIT 161, 166, 547 F. Supp. 2d 1312, 1318 (2008) (citing

references omitted); <u>see also</u> <u>Union Steel v. United States</u>, 33 CIT 614, 617 F. Supp. 2d

1373 (2009) ("<u>Union Steel I</u>"); <u>Union Steel v. United States</u>, 34 CIT ___, 704 F. Supp. 2d

1348 (2010).  Those circumstances are not present in this action.  In its motions for

preliminary injunctive relief DuPont does not raise any substantive issues other than those

identified by Wanhua and Green Packing in their respective complaints.  Here DuPont is

not introducing any new issues or legal theories into the litigation, rather they are seeking

to simply obtain for its entries the benefit of any affirmative relief that may inure to Wanhua

or Green Packing.  <u>See</u> DuPont's Partial Consent Mot. for Prelim. Inj. 3, 5-6, ECF No. 13

(Court No. 14-00183); DuPont's Partial Consent Mot. for Prelim. Inj. 3, 5-6, ECF No. 16

(Court No. 14-00185).  Granting an injunction to DuPont will do "no more than allow the

final judicial determination resulting from this litigation to govern entries that already were

the subject of the [underlying] administrative review" and <u>Final Results</u>, and will "not, in

any meaningful sense, 'compel an alteration of the nature of the proceeding.'"  <u>Union

Steel I</u>, 33 CIT at 624, 617 F. Supp. 2d at 1382 (quoting <u>Vinson</u>, 321 U.S. at 498).  To

deny DuPont's motions for a preliminary injunction would be tantamount to providing

Plaintiff-Intervenors (as interested parties to the underlying administrative proceeding)

with a statutory right to participate in the litigation (via intervention under 28 U.S.C.

§ 2631(j)) without any chance for relief.  The end result would in effect require all similarly

situated interested parties to file a summons and complaint challenging Commerce's

determinations simply to bring the subject entries under the authority of the court, which

the court believes is needless and inefficient.

As to the four-factor test, DuPont's success on the merits is intrinsically tied to that

of Plaintiffs.  The court has already concluded that Plaintiffs have satisfied this factor, and

there is no reason to conclude otherwise for DuPont.  DuPont also satisfies the irreparable

harm factor.  <u>See</u> <u>Zenith Radio Corp. v. United States</u>, 710 F.2d 806 (Fed. Cir. 1983);

<u>Qingdao Taifa</u>, 581 F.3d at 1380 (absent "any other statutory framework or process to

challenge the duties, . . . an injunction [i]s the only way to preserve [a domestic interested

party's] ability to challenge the applicable rates").  The public interest is served by the

issuance of a preliminary injunction enjoining the liquidation of DuPont's entries to allow

the assessment of the accurate dumping margin to those entries in accordance with the

court's final judgment.  <u>See</u> <u>Smith-Corona Group v. United States</u>, 1 CIT 89, 98, 507 F.

Supp. 1015, 1023 (1980).

Finally, the court believes the balance of the hardships favors Plaintiff-Intervenors.

U.S. Customs and Border Protection ("Customs") already holds cash deposits for these

entries.  A preliminary injunction will ensure that the accurate dumping duties ultimately

are assessed.  If the final rate after judicial review differs from the <u>Final Results</u>, then

Customs will collect or refund, with interest, the correct dumping duties, ensuring that

domestic and foreign parties are protected under the law.  The United States will not be

disadvantaged because granting DuPont's requested relief will only postpone the

liquidation of the subject entries.  <u>Corus Staal BV v. United States</u>, 31 CIT 826, 833, 493

F. Supp. 2d 1276, 1283 (2007).  By contrast, absent a preliminary injunction, liquidation

would deprive DuPont of effective relief by precluding any revision of the dumping margin

in accordance with the court's final judgment.

DuPont has therefore demonstrated its entitlement to preliminary injunctive relief.

Accordingly, it is hereby

**ORDERED** that DuPont's motions for preliminary injunction are granted; it is

further

**ORDERED** that Defendant United States, together with the delegates, officers,

agents and employees of the International Trade Administration of the U.S. Department

of Commerce and U. S. Customs and Border Protection, shall be, and hereby are

enjoined pending a final and conclusive court decision in this litigation, including all

appeals and remand proceedings, from causing or permitting liquidation of unliquidated

entries of polyethylene terephthalate film, sheet, and strip from the People's Republic of

China that

> (1) were entered, or withdrawn from warehouse, for consumption
> during the period November 1, 2011 through October 31, 2012, inclusive;
>
> (2) were the subject to the antidumping duty administrative review,
> the final results of which were published as <u>Polyethylene Terephthalate</u>
> <u>Film, Sheet, and Strip from the People's Republic of China</u>, 79 Fed. Reg.
> 37,715 (Dep't of Commerce July 2, 2014) (final results admin. review) and
> accompanying Issues and Decision Memorandum, A-570-924 (Dep't of
> Commerce       June       24,       2014),       available       at
> http://enforcement.trade.gov/frn/summary/prc/2014-15574-1.pdf; and
>
> (3) were exported by DuPont Teijin Films China Limited, DuPont
> Hongji Films Foshan Co., Ltd., or DuPont Teijin Films Hongji Ningbo Co.,
> Ltd.; and it is further

**ORDERED** that this injunction shall expire on entry of a final and conclusive court

decision in this litigation, including all appeals, as provided for in 19 U.S.C. § 1516a(e)

(2012).

                                                          /s/ Leo M. Gordon
                                                        Judge Leo M. Gordon

Dated: September 18, 2014
         New York, New York